# Gunter v. Stuart.

*Action on Account, for Goods Sold and Delivered.*

1. *Admission by agent, after termination of agency.*—The clerk of a steamboat, having authority to make purchases and to state accounts for the boat, can not bind the owners by his written admission of the correctness of an account after the termination of his agency, but must be examined as a witness to prove its correctness, if known by him.

APPEAL from the Circuit Court of Jackson.

Tried before the Hon. JOHN B. TALLY.

This action was brought by John B. Stuart, against R. C. Gunter and others, late partners doing business under the name of the Decatur & Chattanooga Packet Company; and was commenced on the 17th August, 1886. The complaint contained a count on an account stated, claiming $108.43 for goods sold and delivered by plaintiff to defendants, "through their agents, from July 7th, 1883, to February 9th, 1886;" and a count on an open account was added by amendment. The defendants pleaded *non assumpsit*, payment and set-off, in short by consent; and issue was joined on these several pleas. On the trial, as the bill of exceptions shows, it appeared that the plaintiff was a general merchant, doing business at Decatur; that the defendants had been engaged in business as partners, owning and running several steamboats on the Tennessee River, between Decatur and Chattanooga; and that the goods, the price of which was the cause of action, were sold to or for the use of their several boats. The plaintiff did not produce an itemized account, but had his books in court, and testified that he had sent an itemized account, by mail, to S. C. Capehart, one of the defendants; and he produced a statement of account against each boat, showing the balance due on account. At the foot of each of these statements, or accounts, were written the words, "This statement is correct," or words the same in substance, to which was signed the name of "J. B. McKee, clerk;" one of which was dated May 22d, 1886, and the others, October 31st, 1885. The defendants introduced evidence showing that their partnership in the steamboat business was dissolved on October 5th, 1885; that said McKee, who had

been their clerk, quit their employment in June, 1885, and that he was in the service of another boat when he signed said stated accounts. On this evidence, the defendants asked the following charges in writing: (2.) "If the jury believe from the evidence that McKee was not in the employment of the defendants at the time he stated said accounts with plaintiff, then the defendants are not bound thereby." (3.) "If the jury believe from the evidence that the defendants' partnership was dissolved and ceased to exist before McKee indorsed said accounts, then his acts do not and can not bind the defendants." The court refused each of these charges, and the defendants duly excepted; and these rulings are here assigned as error.

HUNT & CLOPTON, for appellants.

J. E. BROWN, contra.

STONE, C. J.—Part of Stuart's evidence, on which he relied for recovery against the steamboat company, the appellants, consisted in certain stated accounts, certified to be correct by one McKee, styling himself clerk. These certificates, several of them bear date in October, 1885, and some of the items appear to be later than this. There was testimony tending to show that McKee ceased to be clerk or agent of appellants about June 1, 1885, and that he was not afterwards in their employment. It is too clear to admit of argument, that after McKee ceased to be clerk and agent of appellants, he could neither do any act, state an account, or make an admission that would bind them. While the relation of principal and agent exists, the agent can bind his principal by any act done within the scope of his authority, and by any admission made contemporaneous with, and explanatory of the act of agency so done.—3 Brick. Dig. 25, §§ 107–8. And it may be that, acting as clerk of the boat, it was within the purview of his duties to make purchases for the boat, and to state accounts. All these powers, however, would necessarily terminate when his connection with the boat was severed. To obtain, after that time, any information he might possess, he must needs have been made a witness. Charges 2 and 3 asked by appellants ought to have been given

Reversed and remanded.